# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ANN M. RAMSEY,**

        **Plaintiff,**

**-vs-**                                 **Case No.  6:09-cv-1664-Orl-18DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for social security disability benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

### *PROCEDURAL HISTORY*

Plaintiff filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income, alleging an onset date of March 6, 2004 (R. 12, 153-55). The applications were denied initially and on reconsideration (R. 123-32), and Plaintiff requested and received a hearing before an administrative law judge ("the ALJ"). In a decision dated September 13, 2007, the ALJ found that Plaintiff was not disabled (R. 68-84). Plaintiff requested review and, on April 25, 2008, the Appeals Council remanded the case back to the ALJ for further proceedings (R. 12, 60-64).

Upon remand, a supplemental hearing was held (R. 756-90), which included testimony from a Medical Expert and a Vocational Expert, as well as testimony from the Plaintiff. On July 20, 2009,

the ALJ issued a second unfavorable decision (R. 12-41).  The Appeals Council denied Plaintiff's

request for review of that decision (R. 5-7), making the July 20, 2009 decision the final decision of

the Commissioner.  This civil action timely followed.  The matter has been fully briefed, and is ready

for resolution.

### NATURE OF CLAIMED DISABILITY

Plaintiff alleges disability due to low back pain; knee and leg pain; headaches; asthma; sleep

apnea; high blood pressure; diabetes; and depression (R. 171, 173, 182, 188, 193).

### *Summary of Evidence Before the ALJ*

Plaintiff was born in 1962, and was 41 years old on her alleged onset date, with a high school

education and past relevant work experience as a solderer assembler, a fast food worker, and a factory

worker (R. 153, 89, 156-70, 191, 198-99).

The medical record for the applicable time period is particularly extensive, and is set forth in

exceptional detail in the decision.  In the interests of privacy and brevity, this evidence will not be

repeated here except as necessary to address Plaintiff's specific objections.  The record shows that

Plaintiff was treated by a variety of practitioners for various ailments, and the record also includes

reports from examining and non-examining state agency consultants.  By way of summary, the ALJ

determined that Plaintiff had the following severe impairments:  morbid obesity; diabetes mellitus

(DM); hypertension; degenerative disc disease; low back pain s/p laminectomy; cervical spine pain;

s/p carpal tunnel release; arthritis of the spine; depression and anxiety (R. 15), and the record supports

this uncontested finding.[1]

In addition to the medical evidence, the record contains reports and testimony from Plaintiff,

as well as testimony from a Vocational Expert ("the VE") and a Medical Expert ("the ME").  Based

---

[1]While Plaintiff contends that the list is incomplete in that it does not include all of her claimed impairments, she does not take issue with the existence of the impairments listed by the ALJ.

on a review of all of the evidence, the ALJ concluded that although Plaintiff had severe impairments, she did not have an impairment or combination of impairments that met or medically equaled a listed impairment set forth in 20 CFR Part 404, Subpart P, Appendix 1 (R. 15). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with additional restrictions (R. 19). The ALJ found that Plaintiff could sit for six hours during an eight hour workday with normal breaks; stand and walk for four hours during an eight hour workday with normal breaks; occasionally bend, stoop, squat, and climb ramps and stairs, but could not climb ropes, ladders, or scaffolds; and should avoid exposure to fumes and contact with the public (R. 19). Relying on testimony from the VE, the ALJ determined that there was a significant number of jobs in the national economy which Plaintiff could perform and that, therefore, she was not disabled (R. 38-40).

### STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### *ISSUES AND ANALYSIS*

Plaintiff raises three issues on review: (i) whether the ALJ "failed to make any findings concerning the severity of Plaintiff's asthma and obstructive sleep apnea" and whether the ALJ should have found these conditions to be "severe"; (ii) whether the ALJ improperly determined that Plaintiff's failure to lose weight in accordance with medical advice constitutes competent and substantial evidence that she is not disabled; and (iii) whether the Medical Expert who testified at the administrative hearing failed to render opinions based upon the substantial medical evidence of record. The Court treats each objection, in turn.

**The Five Step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, Plaintiff objects to the findings at step two as incomplete.  Specifically, Plaintiff contends that the ALJ erred in failing to include her alleged impairments of asthma and sleep apnea as "severe" at this step.  A severe impairment at step two is one which significantly limits a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).  As noted by Plaintiff in her brief, an impairment "can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Bridges v. Bowen* , 815 F.2d 622, 625 (11th Cir. 1987).  It is Plaintiff's burden to establish severity.  *McDaniel v. Bowen,*  800 F. 2d 1026 (11th Cir. 1986).  Upon review, the Court finds no error.

While Plaintiff contends that the ALJ "failed to make any findings concerning the severity" of her asthma or sleep apnea, the record does not support that contention.  The ALJ noted the medical records relating to Plaintiff's complaints of asthma and sleep apnea and made reference to both conditions throughout his decision.  *See* e.g., R. 20-24, 26.  With respect to Plaintiff's asthma, the ALJ noted the lack of medical treatment for asthma and the absence of any evidence relating to even a single asthma attack or exacerbation as the basis for finding that Plaintiff's asthma was not "as severe as the claimant would have this court to believe ..." (R. 36-37).  Although there is no explicit step two severity finding with respect to Plaintiff's sleep apnea, the ALJ specifically noted Plaintiff's testimony that her C-PAP machine helps her sleep apnea (R. 21).  This, combined with the ALJ's acceptance of the opinion of Plaintiff's treating pulmonologist that her sleep apnea was effectively controlled (R. 26), is an implicit finding that Plaintiff's sleep apnea was not severe.  *See Nigro v. Astrue*, 2008 WL 360654 (M.D. Fla. Feb. 8, 2008) (no error in failing to make explicit findings regarding severity when the ALJ the "thoroughly discussed the evidence relating to all of the Plaintiff's impairments and took

-5-

the combination of the Plaintiff's impairments into account in determining her residual functional capacity.")

Moreover, both the asthma and the sleep apnea findings of non-severity are supported by substantial evidence. Plaintiff's treating pulmonologist noted that her asthma was under good control and her sleep apnea was "well controlled" with the C-PAP machine (R. 489). The treatment records are replete with normal respiratory findings (R. 335, 394, 466, 469, 472, 474, 482, 484, 519, 530, 533, 536, 542, 588, 607, 619, 646, 661, 674, 677, 679, 681, 684, 689, 697, 701, 707, 710, 712, 719, 721, 723). Chest x-rays and pulmonary function studies have been normal (R. 330, 375-77, 394). Plaintiff reported that her asthma was "better" (R. 373) and "well controlled" (R. 349), and there are no findings of emergency room visits or exacerbations. Similarly, Plaintiff complained of difficulty sleeping only rarely, and there is no record of significant treatment or limitations resulting from this occasional difficulty. Plaintiff has not met her burden of showing that her asthma and her sleep apnea had more than a minimal effect on her ability to do basic work activities. The record supports the ALJ's finding at step two. *See Perry v. Astrue,* 280 Fed. Appx. 887, 2008 WL 2266315, at *6-7 (11th Cir. 2008).

**Plaintiff's Weight**

Plaintiff next contends that the ALJ improperly found that she was not disabled due to her failure to lose weight. Pl. Br. at 16-18. Plaintiff argues that the ALJ erred in according controlling weight to the opinions of her physicians that weight loss was prescribed and would significantly improve Plaintiff's condition. *See* R. 36, 582-585; 599-600. Citing *McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) and *Russ v. Barnhart*, 363 F.Supp.2d 1345, 1348 (M.D. Fla. 2005), Plaintiff contends that, as a matter of law, these opinions "cannot be used to reach the conclusion that her compliance with medical weight loss directives would have restored her ability to work."

"A physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment." *McCall, supra*, 846 F.2d at 1319.  That is, the Commissioner may not rely simply upon the fact of a claimant's obesity and a prior medical recommendation that the claimant lose weight in order to find that the claimant has failed to comply with prescribed treatment.  Rather, evidence must be "presented suggesting that [the claimant] has refused to follow a plan of prescribed treatment." *Id* .  Furthermore, there must be evidence that, had the claimant "followed the [prescribed treatment to lose weight], his ability to work would be restored." *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir.1987): *see also Russ v. Barnhart,* 363 F. Supp. 2d at 1347-48.

Here, unlike the claimant in *Russ,* this analysis was not undertaken in the context of restoring Plaintiff's ability to work, as the ALJ never found that Plaintiff could not work.  Rather, it appears that this evidence was analyzed in the context of evaluating Plaintiff's credibility with respect to her alleged disabling limitations.  The ALJ considered this opinion evidence in the evaluation of Plaintiff's allegations of pain, with the ALJ noting Plaintiff's failure to exercise and concluding:

> If the claimant were as incapacitated by pain as she has alleged, it would stand to reason that she would follow the reasonable directives of her health care providers. The fact that the claimant has not lost weight, after being advised to for five years, is evidence that she is not disabled and is able to work at a sedentary level with additional restrictions (R. 36).

The Court, therefore, sees the issue as not whether the ALJ erred by concluding that compliance with weight loss instructions would have restored her ability to work, but whether the ALJ erred in concluding that Plaintiff's failure to lose weight is evidence that she is not disabled.  For the following reasons, the Court finds no error.

As noted by the ALJ, several doctors have repeatedly advised the claimant to lose weight (R. 36).  Plaintiff's primary care physician and Plaintiff's treating pulmonologist completed a questionnaire regarding the impact of Plaintiff's obesity.  Dr. Hall, her primary care physician,

-7-

advised Plaintiff to lose two to three pounds a month and prescribed a 1200 calorie low fat diet and a specific exercise plan (R. 31-32; 582-585).  Dr. Hall opined that such a weight loss would significantly improve Plaintiff's conditions, and was reasonable and possible for her. *Id.* Dr. Smith, her pulmonologist, also advised Plaintiff to lose weight, and opined that there was no physical, organic or medical reason why she could not do so (R. 33; 599-600).   Dr. Smith, too, predicted significant improvement in her conditions, were Plaintiff to comply with the prescribed diet and exercise plan.

While the Court agrees with Plaintiff that "it is impermissible for the Commissioner to presume that obesity can be remedied," there is no such "presumption" here.  Rather, the ALJ accepted the opinions of Plaintiff's treating physicians that a specific weight loss plan was prescribed, was reasonable and possible for her, and that there was no physical, organic or medical reason that it could not be accomplished.  Unlike the record in *McCall,* the record here indicates that Plaintiff was repeatedly prescribed a specific plan of diet and exercise (as opposed to a general "lose weight" instruction) which would have improved her pain symptoms considerably, but she was non-compliant, even though her physicians felt that there was no reason she could not comply with the treatment plan. As the opinions of treating physicians are entitled to great weight,[2] the Court finds no error in the ALJ's conclusion that Plaintiff's failure to follow the weight loss plan is evidence that  Plaintiff did not suffer disabling pain.

In so finding, the Court notes that this is merely a portion of the evidence considered by the ALJ and is not the only basis for the ALJ's ultimate disability finding.  The ALJ did not find that

_____

[2]Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2).

Plaintiff is not disabled solely because she has failed to comply with a prescribed course of losing substantial weight.  The administrative decision is exceptionally detailed, notes the absence of disabling limitations, and is supported by a thorough review of all of the medical evidence, not just the evidence that Plaintiff did not comply with the instructions to diet and exercise.  To the extent the opinion determines that Plaintiff was not disabled by her obesity, that finding is supported by substantial evidence.  Despite Plaintiff's obesity,[3] no physician indicated she was disabled and physical examinations revealed no significant motor, sensory, or reflex abnormalities; her mobility was good; and she was able to ambulate without assistive devices (R. 221, 223-24, 226, 245, 349, 394-95, 489, 588, 608, 751).  Plaintiff admitted to a wide range of activities, as well, including shopping, household chores, driving, visiting with friends and family, picking up her son at school, going to doctor appointments, out to restaurants, and more (R. 21-22, 27, 29, 101-05, 174-78, 350, 606, 782-85).  Her treating physicians regularly urged more physical activity.  By contrast, Plaintiff points to no record evidence that her obesity was disabling.  The ALJ's finding on obesity is in accordance with law and is properly supported.

### Medical Expert

Plaintiff's final contention is that the ALJ improperly relied on the ME's opinion at hearing. Dr. Brovender, an orthopedist, testified at the hearing that he reviewed the medical evidence and based his RFC assessment on all of the physical examinations (R. 762, 769).  He specifically noted that, as an orthopedist, "I did not talk about the depression or anything like that." (R. 766, 769). The ALJ detailed the testimony in his decision, found the RFC opinion to be consistent with the greater weight of the evidence, and gave it "substantial weight because the medical expert reviewed and analyzed all of the medical records and rendered an opinion based on the records and his expertise,"

---

[3]The record indicates Plaintiff's weight ranged from 250 pounds to 350 pounds, over the course of four years.

(R. 35).   Plaintiff claims that the ALJ should not have relied on this testimony, when it appears that the ME did not consider Plaintiff's depression, anxiety, asthma or her sleep apnea.

Plaintiff cites *Morgan v. Commissioner of Social Sec Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) for the proposition that opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it.  The ME did not purport to be an expert in mental health issues and clearly limited his opinion to Plaintiff's physical limitations revealed in her treatment records.   As set forth in the lengthy administrative decision, his RFC opinion is, indeed, consistent with the weight of the evidence as to her physical condition, and Plaintiff fails to identify any particular conflict as to the matters within the ME's expertise.  Plaintiff cites no authority for her apparent contention that unless an ME testifies as to *all* impairments, his opinion is irrelevant.  Moreover, the ALJ did not simply adopt the RFC given by the ME.  Rather, the ALJ gave substantial weight to the opinion, but formulated the RFC by considering *all* of the evidence, expressly including additional limitations relating to Plaintiff's asthma and mental impairments  (R. 19, noting that Plaintiff should avoid exposure to fumes and contact with the public).  As the RFC finding included all of Plaintiff's limitations found to exist by the ALJ, is supported by substantial evidence and was made in accordance with legal standards, it should be affirmed.

A final note is in order.  It is clear from the extensive treatment records that Plaintiff has health challenges that impact her life in a very real way.  That said, however, it is not the task of this Court to evaluate those challenges in the first instance, but to review the decision of the Commissioner, in accordance with the appropriate standard.  Here, for the reasons stated above, the Court finds that the decision was made in accordance with the proper standards and is supported by substantial evidence.  It is therefore **respectfully recommended** that the decision be **AFFIRMED.**

-10-

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 22, 2010.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy